**IN THE COURT OF APPEALS OF IOWA**

No. 20-0520
Filed November 4, 2020

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**A.S., Guardian,**
 Petitioner-Appellee,

**J.A., Father,**
 Respondent-Appellant.

_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Taylor Nederhoff of Stockdale Law, PLC, Iowa Falls, for appellant.

Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton, for appellee.

Larry W. Johnson of Walters & Johnson, Iowa Falls, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

The juvenile court terminated the father's parental rights to his twelve-year-old daughter, M.A., under Iowa Code section 600A.8(9) (2019).[1] He appeals, contending termination is not in M.A.'s best interests. We disagree, and therefore affirm.

An aunt has cared for M.A. since the child's mother died in 2014. Meanwhile, the father is serving a life sentence in prison for sexual abuse in the first degree. The court appointed the aunt as M.A.'s legal guardian in 2015. Four years later, the aunt petitioned to terminate the father's parental rights. She and her husband wished to adopt M.A.[2] The father objected, asserting his desire to maintain the parent-child relationship, which was limited to once-per-week phone calls.[3] The court terminated the father's rights, and he now appeals.

We review this private-termination proceeding de novo. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses." *Id.*

In private terminations, the petitioner must prove two elements by clear and convincing evidence. *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). First, the petitioner must establish grounds for termination under section 600A.8. *Id.*

---

[1] Section 600A.8(9) allows the termination of parental rights when the parent is incarcerated "and it is unlikely that the parent will be released from prison for a period of five or more years."

[2] The aunt's attorney told the court that the aunt had not discussed the termination proceedings with M.A., but the child did "seem excited about having a two-parent adoption."

[3] The record shows the prison limited those calls to twenty minutes.

Second, the petitioner must show termination is in the child's best interests. *Id.* That second showing is the "*paramount consideration*" when deciding whether to terminate parental rights. *Id.* (quoting Iowa Code § 600A.1).

The father concedes the aunt proved the ground for termination based on the length of his imprisonment. *See* Iowa Code § 600A.8(9). But he contends she failed to show termination was in M.A.'s best interests. He highlights his weekly phone calls with M.A. He notes his daughter's willingness to continue that contact and her reference to him as "dad" during the calls. The father also believes that terminating his parental relationship with M.A. will compound the trauma of her mother's death—"[a] loss of both parents would not be in the best interests of the child, and could, in fact, be harmful." From those circumstances, he urges we maintain the guardianship and status quo.

As a first principle, guardianships do not rank as "legally preferable" alternatives to termination and adoption. *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). More holistically, Iowa Code section 600A.1 defines the concept of a child's best interests in terms of the parent's commitment to that child:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Iowa courts also borrow from the statutory best-interest framework in Iowa Code chapter 232. *See B.H.A.*, 938 N.W.2d at 232. Under section 232.116(2), the court

is to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."

Before resolving his best-interests challenge, we commend the father's steady efforts to communicate weekly with M.A. Even the aunt acknowledged M.A. enjoys talking to her father. But those twenty-minute-long phone calls do not rise to the level of the father "affirmatively assum[ing] the duties encompassed by the role of being a parent." *See* Iowa Code § 600A.1(2). On the financial side, according to the aunt, the father did not support M.A.—even before the aunt became the child's guardian. *See B.H.A.*, 938 N.W.2d at 234 (finding father's failure to provide financial support bolstered termination decision). The aunt also testified that M.A. was thriving in the aunt's home.

On this record, we will not deprive M.A. of the opportunity for permanency with her aunt who has raised the child for years. Termination of the father's parental rights and adoption by the aunt will best ensure the child's safety, further her long-term nurturing and growth, and provide for her physical, mental, and emotional needs. We therefore affirm.

**AFFIRMED.**